UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

Zephanyahu Cunningham, a minor,
by George Cunningham,

              Petitioner,

v.

Maria Quinn et al.,

              Respondents.
_____/

Case No. 2:20-cv-129

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a man presently held in the Chippewa County Jail pending his trial for kidnapping, on behalf of a minor, under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because the Court does not have subject matter jurisdiction.

## Discussion

**I.      Factual allegations**

Based on the records submitted by George Cunningham, Petitioner Zephanyahu Cunningham is a six-year-old boy, a United States citizen, born in Malaysia, a ward of the Franklin County Ohio Court of Common Pleas.  Petitioner's aunt and uncle, Respondents Maria and Paul Quinn, have legal custody of Petitioner.  They reside in Livingston County, Michigan and Chippewa County, Michigan.  They are, apparently, about to finalize their adoption of Petitioner.

George Cunningham (Cunningham), the person who signed the petition on Petitioner's behalf, is the natural father of Petitioner.  He presently resides in the Chippewa County jail.  He is awaiting trial for kidnapping.  It appears that Cunningham is charged with kidnapping Petitioner.

The Michigan Department of Corrections Offender Tracking Information System (OTIS) shows that Cunningham is on parole.  *See*  https://mdocweb.state.mi.us/OTIS2/otis2 profile.aspx?mdocNumber=976678  (visited 7/27/2020).  His parole supervision began on May 20, 2016, and will continue to May 19, 2021.  The conditions of parole include that he will not provide care for or live in a home with a child 17 years of age or younger, he will not be in the presence of a child 17 years of age or younger unless there is another responsible adult present, and he will register as a sex offender.

The Michigan State Police Public Sex Offender Registry shows that Cunningham complied with the sex offender registration condition of his parole. *See* https://www.icrimewatch.net/offenderdetails.php?OfndrID=2392964&AgencyID=55242 (visited July 27, 2020). The registry also reveals that, on September 15, 2015, in the state of Ohio, Cunningham was convicted of gross sexual imposition with a victim under the age of 13. The Ohio Department of Rehabilitation and Correction reports that Cunningham was convicted of multiple counts of gross sexual imposition. *See* https://appgateway.drc.ohio.gov/OffenderSearch/ Search/Details/A719744 (visited July 27, 2020). That Department also reports that Cunningham is a "violator at large," presumably because of the kidnapping charge for which he is awaiting trial.

Cunningham states that he took Petitioner to the United States on November 13, 2014, when Petitioner was only 11 months old. Cunningham notes that three days later, Petitioner was placed in foster care in Franklin County Ohio. Cunningham explains that he was arrested upon his arrival to the Columbus, Ohio airport. Cunningham "does not specify the nature of the 'attempted crime'" and [claims] that "all original charges were dropped." (Pet., ECF No. 1, PageID.3.) Perhaps the arrest is related to Cunningham's prosecution for gross sexual imposition.

Cunningham claims that the Franklin County Ohio Court of Common Pleas would not permit family members to return Petitioner to the Philippines, where Petitioner's mother resides. Instead that court required the mother to travel to the United States to pick up Petitioner. According to Cunningham, Petitioner's mother was unable to obtain a visa for that purpose.

Under these circumstances, it seems likely that Cunningham's parental rights have already been terminated. Nonetheless, Cunningham purports to bring this petition on behalf of Petitioner and his mother. Cunningham claims that Petitioner is in the custody of Maria and Paul

3

Quinn, Petitioner's legal custodians, and also in the custody of Judge James W. Brown and Magistrate Mary Goodrich of the Franklin County Ohio Court of Common Pleas, where Petitioner is a ward. (Pet., ECF No. 1, PageID.2-3.) Cunningham claims that by holding Petitioner in custody, Respondents are violating Petitioner's rights to Fifth Amendment substantive and procedural due process, his right to be free of cruel and unusual punishment under the Eighth Amendment, and his right to family integrity.

## II.     "Next friend" status

Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989).

To act on a petitioner's behalf, a putative next friend must demonstrate that the petitioner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

4

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir.1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 459 U.S. at 155-56. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

Here, Cunningham has not met his burden. Although Cunningham has shown that Petitioner, because of his age, may not be able to file a petition on his own behalf, Cunningham has not shown that he is qualified to serve as Petitioner's next friend. In fact, Cunningham's submissions to date suggest that he is not qualified. The Court might otherwise provide a notice of deficiency and permit Cunningham an opportunity to specifically address the issue; however, because the issues raised by Cunningham are outside the Court's habeas subject matter jurisdiction, correcting the deficiency is not necessary.

**III.    Child custody decisions are outside the scope of habeas jurisdiction**

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme

5

Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968)).

The "in custody" requirement for purposes of §§ 2241 and 2254 does not encompass disputes regarding legal custody of children. The Supreme Court conclusively resolved the issue in *Lehman v. Lycoming Cnty. Children's Agency*, 458 U.S. 502 (1982):

> [A]lthough the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where—as a result of a state-court criminal conviction—a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was "in custody" within the meaning of § 2254.
>
> Ms. Lehman argues that her sons are involuntarily in the custody of the State for purposes of § 2254 because they are in foster homes pursuant to an order issued by a state court. Her sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments. Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty as that term is used in *Hensley* and *Jones*, and they suffer no "collateral consequences"—like those in Carafas—sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.
>
> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.

6

\*   \*   \*

> The considerations in a child-custody case are quite different from those present in any prior case in which this Court has sustained federal-court jurisdiction under § 2254. The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest in individual liberty is so strong that it outweighs federalism and finality concerns. Congress has indicated no intention that the reach of § 2254 encompass a claim like that of petitioner. We therefore hold that § 2254 does not confer federal-court jurisdiction.

*Lehman*, 458 U.S. at 510-11, 515-16 (footnotes omitted); *see also Jacobson v. Summit Cnty. Children Services Bd.*, 202 F. App'x 88, 90 (6th Cir. 2006) ("It is true that the scope of habeas relief has been expanded since the time of the Founders, but none of these expansions suggest that federal habeas was meant to encroach on the area of state child custody determinations.") (citing *Lehman*). Because Petitioner is not "in custody" as that term is used in §§ 2241 and 2254, the Court does not have subject matter jurisdiction over the petition.

### IV.   Request for Preliminary Injunctive Relief

Cunningham asks the Court to order preliminary injunctive relief staying Maria and Paul Quinn's adoption of Petitioner. (Mot., ECF No. 2.) Because the petition is properly dismissed as outside the subject matter jurisdiction of the Court, the Court will deny Petitioner's request for preliminary injunctive relief.

### V.   *In forma pauperis* status

Cunningham has requested leave of court to proceed *in forma pauperis* (ECF No. 3) under 28 U.S.C. § 1915(a)(1) and has filed an affidavit of indigence. The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). The Court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). It is not

7

unreasonable to require a litigant to devote a small portion of his discretionary funds to defray a fraction of the costs of his litigation. *See Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 267 (7th Cir. 1987).

Cunningham has filed a trust account statement, which shows that he has sufficient resources to pay the $5.00 filing fee. Therefore, Cunningham is not entitled to proceed *in forma pauperis* in this action. Petitioner has 28 days from the date of entry of this order to pay the $5.00 filing fee.

## VI.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Cunningham has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal under Rule 4 of the Rules Governing § 2254 Cases and Rule 12(h)(3) of the Federal Rules of Civil Procedure is based on a procedural determination that the Court lacks jurisdiction under the habeas corpus statute, because Petitioner is not in custody within the meaning of the habeas statute. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not conclude that this Court's dismissal of the habeas petition for lack of jurisdiction was debatable or wrong. Therefore, the

8

Court will deny a certificate of appealability. Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Conclusion**

The Court will enter an order and judgment dismissing the petition for lack of subject matter jurisdiction, denying Cunningham's request for preliminary injunctive relief, denying Cunningham's request to proceed *in forma pauperis*, and denying a certificate of appealability.


Dated: August 12, 2020                         /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge